Dear Mr. Haynes:
Your request for an Attorney General's Opinion was forwarded to me for research and reply. In particular, you have asked the following question:
 Under La. R.S. 17:1805, must a university police officer first be commissioned in order to exercise the power of arrest?
Title 17, Section 1805 of the Louisiana Revised Statutes sets forth the authority of university and college police officers, including the power of arrest when ". . . discharging their duties on their respective campuses . . ." see §§ A(3)). This provision, however, does not explicitly state that such university officers must be commissioned before they may exercise this power of arrest. Therefore, your question requires an examination of the legislative intent regarding this matter.
The provisions of subsection A of 17:1805 are drafted in a sequential order, so that each part refers to the principles set forth in the previous part. For example, §§ (1) defines what a "university or college police officer" is, then §§ (2) refers to (1) in stating that "each such person" shall be commissioned. Section (3), which authorizes the power to arrest, then refers to (2) by granting such power only on "these police officers." Thus, this sequential drafting implies that only those officers who have been previously commissioned may exercise the power of arrest.
Further, subsection E of the statute also indicates that the commission of the officer must precede the exercise of the enumerated powers. This provision details an alternative method by which university officers may be commissioned (instead of by the Department of Public Safety), and states in part:
 Such commissions issued by a municipal or city police department shall confer upon such campus police officers all rights and privileges as are enumerated in this section with respect to officers commissioned through and by the Department of Public Safety; provided, however, that such officers shall not be entitled to supplemental pay for municipal police officers.
 (emphasis added)
This language clearly implies that the legislature intended for the commission of university officers to be a prerequisite to their exercising the powers granted under subsection E of La. R.S. 17:1805.
Therefore, it is the opinion of this office that university or college police officers must be commissioned pursuant to La. R.S.17:1805 before they may exercise the power of arrest granted to them therein.
I hope this opinion has adequately addressed your question. If this office may be of further assistance, please do not hesitate to contact us. With warmest regards, I remain,
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ JULIE A. COLLINS Assistant Attorney General